UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

TONY COLIDA,                              :

                    Plaintiff,            :      07 Civ. 8056 (KMW)(HBP)

        -against-                         :      ORDER

NOKIA, INC.,                              :

                    Defendant.            :

------------------------------------X

PITMAN, United States Magistrate Judge:

        Defendant has moved to dismiss this action, arguing
that the summons and complaint were not properly served and that
the complaint fails to state a claim on which relief can be
granted.

        Given the nature of plaintiff's claim -- alleged
infringement of three design patents -- and the obvious dissimi-
lar physical appearance of the accused cellular telephone, the
likelihood that plaintiff's claim would survive defendant's
motion to dismiss for failure to state a claim is extremely
slim.[1]  Nevertheless, the established law in this Circuit re

---

[1]Plaintiff has brought a number of actions asserting
infringement of the same design patents asserted here.  Plaintiff
has lost all these cases, and there are now numerous opinions
explaining the limited scope of the protection afforded by a
design patent.  E.g., Colida v. Nokia America Corp., 05 Civ. 9920
(KMW)(HBP) (S.D.N.Y. Feb. 16, 2007), appeal dismissed, Docket No
2007-1324 (Fed. Cir. July 19. 2007); Kyocera Wireless Co. v.
President Elecs., Ltd., No. 06-1131, 2006 WL 1153583 (Fed. Cir.
                                                  (continued...)

quires that I address the alleged deficiencies in service first, and, if those deficiencies are fatal, the action would have to be dismissed without prejudice and without a resolution of the merits. <u>Arrowsmith v. United Press Int'l</u>, 320 F.2d 219, 221 (2d Cir. 1963). Although advantageous to defendant in the short run, such a result would not prevent plaintiff from reasserting his claim, thereby multiplying the legal fees incurred by defendant and the burden on the court.

Without doubt, defendant has the right to press its objection to service. If that is defendant's choice, so be it. However, given all the facts and circumstances of this case, I have serious reservations about the practical benefits of pressing the objection.

Accordingly, defendant is directed to reconsider whether it wants to press or withdraw its objections to the service of the summons and complaint. Defendant is directed to

---

[1](...continued)
May 2, 2006); <u>Colida v. Sharp Elecs. Corp.</u>, 125 Fed. Appx. 993 (Fed. Cir. 2005); <u>Colida v. Qualcomm Inc.</u>, 128 Fed. Appx. 765 (Fed. Cir. 2005); <u>Colida v. Sanyo N. Am. Corp.</u>, 118 Fed. Appx. 501 (Fed. Cir. 2004); <u>Kyocera Wireless Corp. v. President Elecs., Ltd.</u>, 116 Fed. Appx. 282 (Fed. Cir. 2004); <u>Colida v. Matsushita Elec. Corp. for Am.</u>, 114 Fed. Appx. 383 (Fed. Cir. 2004); <u>Colida v. Ericsson, Inc.</u>, 93 Fed. Appx. 220 (Fed. Cir. 2004); <u>Colida v. Sony Corp.</u>, 70 F.3d 130 (Fed. Cir. 1995). Despite this array of authorities, plaintiff continues to bring claims that are extremely similar to the claims that have been previously dismissed against designs that are obviously different from his patented designs.

advise me no later than March 24, 2008 whether it wishes to

continue to assert these objections.

Dated:   New York, New York
         March 12, 2008

                                    SO ORDERED


                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge


Copies mailed to:

Mr. Tony Colida
750 Montpellier Boulevard
Suite  1210
St. Laurent, H4L 5A7
Montreal Quebec
Canada

David R. Francescani, Esq.
Jorge M. Torres, Esq,
Fish & Richardson P.C.
Citigroup Center- 52nd Floor
153 East 53rd Street
New York, New York  10022-4611