```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TONY COLIDA,                       :
                    Plaintiff,     :   07 Civ. 8056 (KMW)(HBP)
     -against-                     :   OPINION
                                       AND ORDER
NOKIA, INC.,                       :
                    Defendant.     :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By motion dated February 14, 2008, (Docket Item 9), plaintiff moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A.

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

This a frivolous design patent infringement case. The multiple deficiencies in plaintiff's claims are set forth in detail in a Report and Recommendation that is being issued simultaneously with this Opinion and Order.

Since plaintiff's claims are completely devoid of merit, submitting plaintiff's case to the Pro Bono Panel would be

a waste of that Panel's resources.  Plaintiff's motion for pro bono counsel is denied.

Dated:  New York, New York
        May 6, 2008

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Tony Colida
750 Montpellier Boulevard
Suite 1210
St. Laurent, H4L 5A7
Montreal, Quebec
Canada

David R. Francescani, Esq.
Jorge M. Torres, Esq.
Fish & Richardson P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, New York  10022-4611