UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

TONY COLIDA,                              :

                  Plaintiff,      :      07 Civ. 8056 (KMW) (HBP)

      -against-                   :      <u>OPINION AND ORDER</u>

NOKIA INC.                                :

               Defendant.     :

----------------------------------X

Wood, U.S.D.J.:

    <u>Pro se</u> Plaintiff Tony Colida ("Plaintiff") brings this patent infringement action pursuant to 35 U.S.C. § 271. Plaintiff alleges that Defendant Nokia Inc.'s ("Defendant") Model No. 6061 cellular telephone infringes his United States Design Patents 318,050 ("Patent 050"), 321,184 ("Patent 184"), 321,347 ("Patent 347"), and 321,349 ("Patent 349") (collectively, the "Patents").[1]

    Three motions are currently pending before the Court: (1) Plaintiff's motion for default judgment, (2) Defendant's motion to dismiss,[2] and (3) Defendant's motion for sanctions.

---

[1]Plaintiff's original complaint, filed September 14, 2007, alleged infringement of Patents 347 and 349 and sought $100 million in damages.  Plaintiff's amended complaint, filed February 28, 2008, alleged infringement of Patents 050, 184, 347, and 349 and sought $1 billion in damages.

[2]Defendant initially moved to dismiss on grounds of improper service of process, failure to state a claim for which relief can be granted, and res judicata.  Defendant later agreed to withdraw

Magistrate Judge Pitman issued a Report and Recommendation ("Report"), familiarity with which is assumed, recommending that the Court: (1) deny Plaintiff's motion for default judgment, (2) grant Defendant's motion to dismiss, and (3) grant in part and deny in part Defendant's motion for sanctions.  Plaintiff objects to all of the Report's recommendations.  Defendant objects to the scope of the Report's recommended sanctions.

For the reasons stated below, the Court adopts Magistrate Judge Pitman's thorough and well-reasoned Report in its entirety, with the exception that the Court upholds Defendant's objection to the scope of the Report's recommended sanctions.

I.  Standard of Review

Generally, a district court reviews the recommendations of a magistrate judge for clear error on the face of the record.

If specific objections are made to a recommendation on a dispositive motion, however, a district court reviews that recommendation de novo.  Fed. R. Civ. P. 72(b) advisory committee's note.  See also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).  Objections must be more than perfunctory to prompt de novo review.  See Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006).

_____

its allegations of improper service.  Because Magistrate Judge Pitman's recommendation to grant Defendant's motion to dismiss for failure to state a claim completely resolves the case, neither he nor this Court reaches the res judicata issue.

## II.  Plaintiff's Motion for Default Judgement

Plaintiff objects generally to the Report's recommendation that the Court deny Plaintiff's motion for default judgment.[3] His objection is general and conclusory and does not require the Court to engage in de novo review.  The Court reviews this recommendation for clear error.

The Court finds no clear error in Magistrate Judge Pitman's analysis.  Default judgments are "a weapon of last, and not first, result."  Martin v. Coughlin, 895 F. Supp. 39, 42 (N.D.N.Y. 1995).  Plaintiff's motion for such an extreme sanction is patently inappropriate on the facts presented here.

The Court denies Plaintiff's motion for default judgment.

## III.  Defendant's Motion to Dismiss

Plaintiff objects generally to the Report's recommendation that the Court grant Defendant's motion to dismiss.  His objection is general and conclusory and does not require the Court to engage in de novo review.  The Court reviews this recommendation for clear error.

The Court finds no clear error in Magistrate Judge Pitman's

---

[3]Plaintiff's amended objections read: "Pro se plaintiff (Tony Colida) respectfully objects to Magistrate Judge Pitman's report and recommendation in which [he] recommended granting Defendant's (Nokia Inc.) motion to dismiss for failure to state a claim and recommended granting Defendant's motion for sanctions in part and recommended that Plaintiff's motion for default judgment be denied.  I declare under penalty of perjury that the above is true and correct."

analysis.  The Report describes the Patents in detail, compares the Patents with the Nokia 6061, and finds that an ordinary observer could not reasonably confuse these phones.  See, e.g., Colida v. Sony Corp. Of Am., 04 Civ. 2093 (S.D.N.Y. Feb 3, 2005).  Plaintiff's claims for design patent infringement thus fail.

The Court grants Defendant's motion to dismiss.

IV.  Defendant's Motion for Sanctions

A.  Plaintiff's Objection

Plaintiff objects generally to the Report's recommendation that the Court grant in part Defendant's motion for sanctions.  His objection is general and conclusory and does not require the Court to engage in de novo review.  The Court reviews the Report's recommendation to grant injunctive sanctions for clear error.  The Court finds no clear error in Magistrate Judge Pitman's analysis.

B.  Defendant's Objection

Defendant objects specifically to the scope of the Report's recommended sanctions.  Whether the Court reviews the scope of these sanctions de novo in light of Defendant's objection would normally turn on whether Defendant's motion for sanctions is dispositive or non-dispositive.[4]  Because the standard of review

_____

[4]Whether motions for sanctions are dispositive or non-dispositive is currently a contested point of law within the Second Circuit.  In Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d. Cir. 1990), the Second Circuit stated that although monetary sanctions for noncompliance with discovery

the Court applies here is immaterial to the outcome, the Court declines to make a determination as to whether or not Defendant's motion is dispositive.

Undertaking even a <u>de novo</u> review, the Court upholds Defendant's objection to the scope of the Report's recommended sanctions.

### i.  Background

In its motion for sanctions, Defendant asks the Court to issue an anti-filing injunction enjoining Plaintiff "from instituting any new action, in any new court, based upon claims of infringement of his design patents."  (Def.'s Mot. Sanct. 14.)

The Report concludes that an anti-filing injunction, although warranted, should be "narrowly tailored to the facts of this case."  (Report 38.)  The injunction proposed in the Report is narrowly tailored, so that it applies only to lawsuits

---

orders were non-dispositive, other types of sanctions might be dispositive, requiring <u>de novo</u> review.

District courts in the Second Circuit have generally read <u>Hoar</u> as standing for the proposition that whether any particular motion for sanctions is dispositive or non-dispositive depends on whether the sanctions imposed actually dispose of a claim.  <u>See McAllan v. Von Essen</u>, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (stating that orders concerning Rule 11 sanctions are considered nondispositive in the Second Circuit); <u>Weeks Stevedoring Co.,Inc. v. Raymond Int'l Builders, Inc.</u>, 174 F.R.D. 301, 303-04 (S.D.N.Y. 1997) (stating that "imposition of sanctions is reviewable under the 'clearly erroneous or contrary to law' standard unless the sanction itself can be dispositive of a claim").

Neither the Second Circuit itself nor district courts within the Second Circuit have fully addressed the question of how significantly a sanction must impact a claim for the motion to be considered dispositive.

initiated by Plaintiff in the Southern District of New York that allege design patent infringement of Patents 184, 347, and 349.

The injunction recommended by Magistrate Judge Pitman excludes Patent 050.  The Report explains the decision to exclude Patent 050 in a short footnote that states: "Defendant does not move for Rule 11 sanctions with respect to the claim asserting infringement of the design disclosed in [Patent 050]."  (<u>Id.</u> 24.) The Report provides no support for this contention.

Defendant objects to the exclusion of Patent 050 from the recommended anti-filing injunction.  Defendant argues that its request that the Court enjoin Plaintiff from instituting "any" new action in "any" court having to do with infringement of Plaintiff's design patents, at minimum, included all patents at issue in the current lawsuit, namely, Patents 050, 184, 347 and 349.

     ii.  <u>Analysis</u>

The Court has reviewed this aspect of the injunction both for clear error, and <u>de novo</u>, and concludes that the injunction should be broadened to include Patent 050.  An injunction "narrowly tailored to the facts of this case" should nonetheless apply to all patents alleged infringed by Plaintiff.  Plaintiff asserted equally frivolous claims as to all four of his Patents. Accordingly, all four of these Patents should be subject to the anti-filing injunction.

C.  The Report's Recommendation to Deny Monetary Sanctions

No objections have been filed to the Report's recommendation that the Court deny Defendant's request for monetary sanctions. The Court reviews this recommendation for clear error.  The Court finds no clear error in Magistrate Judge Pitman's analysis.

D.  Conclusion

The Court denies the monetary aspect and grants the injunctive aspect of Defendant's motion for sanctions.

Plaintiff is hereby permanently enjoined from filing any new action against any defendant in the Southern District of New York that arises from or relates to Patent 050, 184, 347, or 349 without first obtaining leave of court in accordance with the following conditions: (1) Plaintiff shall file with the complaint in any new action a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File," (2) Plaintiff shall attach, as an exhibit to that motion, a copy of this Order, (3) Plaintiff shall also attach, as an exhibit to that motion, an attestation under penalty of perjury that he has complied with Rule 11 of the Federal Rules of Civil Procedure and with the conditions of this injunction.  Any initial filing that does not include an attestation fulfilling these requirements shall be summarily dismissed pursuant to the terms of this injunction and may subject plaintiff to sanctions and/or contempt of Court.

V.  Conclusion

For the reasons stated above, the Court (1) denies
Plaintiff's motion for default judgment (undocketed), (2) grants
Defendant's motion to dismiss (D.E. 5), and (3) grants in part
and denies in part Defendant's motion for sanctions (D.E. 17).
The Clerk of the Court is directed to close this case.  Any
pending motions are moot.

       SO ORDERED

Dated:   New York, New York
       September 26 , 2008

                                          Kimba M. Wood
                             United States District Judge

8