# United States Court of Appeals for the Federal Circuit

2009-1326

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 1 6 2009

TONY COLIDA,

Plaintiff-Appellant,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

v.

NOKIA, INC.,

Defendant-Appellee.

## Judgment

ON APPEAL from the     United States District Court
for the Southern District of New York

in CASE NO(S).     07-CV-8056

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**<u>AFFIRMED</u>**

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By _____ Date: 11/12/09

ENTERED BY ORDER OF THE COURT

DATED OCT - 6 2009

_____
Jan Horbaly, Clerk

**ISSUED AS A MANDATE:** NOV 1 2 2009

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1326

TONY COLIDA,

Plaintiff-Appellant,

v.

NOKIA, INC.,

Defendant-Appellee.

Tony Colida, of St. Laurent, Quebec, Canada, pro se.

David Francescani, Fish & Richardson P.C., of New York, New York, for defendant-appellee.  With him on the brief was Jorge M. Torres.

Appealed from:  United States District Court for the Southern District of New York

Chief Judge Kimba M. Wood

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1326

TONY COLIDA,

Plaintiff-Appellant,

v.

NOKIA, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the Southern District of New York in case no. 07-CV-8056, Chief Judge Kimba M. Wood.

---

DECIDED: October 6, 2009

---

Before NEWMAN, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Tony Colida appeals an order dismissing his complaint for patent infringement and imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11").  <u>Colida v. Nokia Inc.</u>, No. 07-CV-8056, slip op. (S.D.N.Y. Sept. 29, 2008) ("<u>Opinion</u>").  Because Colida identifies no errors in the district court's decision, we <u>affirm</u>.

Colida, acting pro se, sued Nokia, Inc. for infringement of U.S. Design Patents No. 318,050 ("'050 patent"), No. 321,184 ("'184 patent"), No. 321,347 ("'347 patent"), and No. 321,349 ("'349 patent"), seeking $1 billion in damages.  <u>Opinion</u> at 1 n.1.  The

asserted patents claim designs for cell phones.  The accused device is Nokia's Model No. 6061 phone.  Colida is no stranger to patent litigation: he has appealed many times to this court, and we have affirmed judgments of noninfringement against him at least nine times.[1]  Several of these decisions involved infringement claims under the '347 and '349 patents.

At the district court, Colida moved for default judgment against Nokia, while Nokia moved for dismissal and sanctions.  The magistrate judge assigned to the case issued a forty-two-page report recommending that the court deny Colida's motion and grant Nokia's.  Report and Recommendation, Colida v. Nokia Inc., No. 07-CV-8056 (S.D.N.Y. May 6, 2008) (Pitman, Mag. J.) ("Report").  Over Colida's objections, the district court adopted essentially all of the magistrate's recommendations, dismissing the case and imposing a permanent anti-filing injunction on Colida that requires him to seek the court's permission before filing any future infringement suit in the Southern District of New York on the four asserted patents.  Opinion at 7.  The district court did not impose monetary sanctions.  Id.  Colida appeals the dismissal of his complaint and the award of sanctions.

We find no error in the district court's analysis.  First, we observe that Colida identifies no particular errors in the district court's decision, only an unspecified "improper exercise of discretion."  Colida submitted an informal brief, but no reply brief.

---

[1]    Kyocera Wireless Co. v. President Elecs., Ltd., 179 Fed. Appx. 53 (Fed. Cir. 2006); Colida v. Qualcomm Inc., 128 Fed. Appx. 765 (Fed. Cir. 2005); Colida v. Sharp Elecs. Corp., 125 Fed. Appx. 993 (Fed. Cir. 2005); Colida v. Sanyo N. Am. Corp., 118 Fed. Appx. 501 (Fed. Cir. 2004); Kyocera Wireless Corp. v. President Elecs., Ltd., 116 Fed. Appx. 282 (Fed. Cir. 2004); Colida v. Matsushita Elec. Corp., 114 Fed. Appx. 383 (Fed. Cir. 2004); Colida v. Ericsson, Inc., 93 Fed. Appx. 220 (Fed. Cir. 2004); Colida v. Sony Corp., 1998 U.S. App. LEXIS 2986 (Fed. Cir. Feb. 24, 1998); Colida v. Sony Corp., 37 USPQ2d 1054 (Fed. Cir. 1995).

His two-page informal brief offers no arguments and cites no evidence as to why the district court erred in dismissing his complaint or imposing sanctions, and therefore provides no basis for us to rule in his favor. See SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1319 (Fed. Cir. 2006) (noting that "arguments not raised in the opening brief are waived").

On the merits, we are convinced that the district court properly granted Nokia's motion to dismiss. The decision to grant a motion to dismiss "is a purely procedural question not pertaining to patent law" that we review under regional circuit law. McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356 (Fed. Cir. 2007). The Second Circuit reviews this question de novo. Jacobs v. Ramirez, 400 F.3d 105, 106 (2d Cir. 2005). "[W]hen the plaintiff proceeds pro se, as in this case, a court is obliged to construe his pleadings liberally." Id. (citation omitted). However, as the Supreme Court recently clarified, the complaint must have sufficient "facial plausibility" to "allow[] the court to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Here, Colida's infringement claims were facially implausible and provided the district court with no basis on which to reasonably infer that an ordinary observer would confuse the pleaded patented designs with the accused Nokia 6061 phone. As we clarified in Egyptian Goddess, Inc. v. Swisa, Inc., decided shortly before the decision in this case, infringement of a design patent is determined not by the design's "point of novelty," but by whether an "ordinary observer" would find the design and accused

product "substantially the same."   543 F.3d 665, 670, 678 (Fed. Cir. 2008) (en banc).

The magistrate judge examined the asserted patents and the depictions of the accused

product's design attached to Colida's complaint.   The magistrate, recognizing both the

"ordinary observer" standard and our now-overruled "point of novelty" test, found after

detailed analysis that the accused product could not infringe any asserted patent under

the "ordinary observer" standard.   E.g., Report at 17.   The magistrate concluded, for

example, that three of Colida's patents show no visible antenna on the phone, while the

Nokia 6061 has a "short, thick antenna."   Id. at 22.   Colida's amended complaint merely

states that the Nokia 6061 "reproduces the novel distinctive design appearance of the

clam-shell design," but does not explain which patents include this design, where it

appears in the accused product, or any other facts relevant to the question of

infringement.   The magistrate found that only the '347 patent features a "clam-shell"

design (below, left) and observed that Colida states nothing about how the accused

phone (right) bears this design or anything remotely similar to it.

 

The Nokia 6061 and the '050, '347, and '349 patents share a folding design, but the magistrate judge correctly noted that this element is functional, not ornamental, and is therefore outside the patents' scope. Id. at 19; see Egyptian Goddess, 543 F.3d at 680. Given Colida's complete silence on these and other issues,[2] we agree that "the dissimilarities far exceed the similarities when comparing each of plaintiff's four Patents, as construed, to defendant's 6061 telephone, and no amount of extrinsic evidence can change that." Report at 24.

We turn next to the sanction of an anti-filing injunction against Colida. We apply regional circuit law when reviewing sanctions under Rule 11. Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1299 (Fed. Cir. 2004). The decision to award Rule 11 sanctions is reviewed for abuse of discretion. Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 141 (2d Cir. 2002). Sanctions are appropriate if a party's contentions are not "warranted by existing law" or lack "evidentiary support." Fed. R. Civ. P. 11(b). "In evaluating whether the signer of a filing has violated Rule 11, the district court applies an objective standard of reasonableness, examining whether, under the circumstances of a given case, the signer has conducted a 'reasonable inquiry' into the basis of a filing." MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 73 F.3d 1253, 1257 (2d Cir. 1996) (citation omitted). Sanctions "may include nonmonetary directives" to "deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4).

Applying these standards and considering Colida's pro se status, we find no abuse of discretion in the district court's imposition of an anti-filing injunction. Colida's

---

[2]      Colida makes no argument that his complaint is sufficient under Form 18 and Rule 84 of the Federal Rules of Civil Procedure. See McZeal, 501 F.3d at 1356-57. Form 18 is a sample pleading for patent infringement, but is not tailored to design patents and was last updated before the Supreme Court's Iqbal decision.

infringement claims were objectively baseless.  Moreover, Colida's overall pattern of filing meritless suits, heedless of warnings, justifies sanctions.  Colida previously sued Nokia for infringement of the '347 patent in the Southern District of New York, accusing a similar phone product.  Noting "the many unsuccessful lawsuits that Plaintiff has filed," the district court dismissed Colida's case and "strongly caution[ed] Plaintiff to consider the provisions of Rule 11 before filing any future lawsuits." Colida v. Nokia Inc., No. 05-CV-9920, slip op. at 5-6 (S.D.N.Y. Feb. 23, 2007) (Wood, J.).  We have also previously held Colida's claims of infringement of the '347 and '349 patents to be frivolous. Colida v. Sharp Elecs. Corp., 125 Fed. Appx. 993, 996 (Fed. Cir. 2005) (noting a "pattern of repeatedly filing meritless infringement complaints and pursuing appeals").  Colida's litigiousness demonstrates a disturbing disregard of the courts' repeated warnings.  The district court narrowly tailored its sanction to penalize this behavior: the injunction restricts only new suits on the four patents asserted here, and allows Colida to litigate if he obtains permission.  Opinion at 7.  The district court thus acted well within its discretion.

For the foregoing reasons, the district court's decision is affirmed.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _____ Date: 11/12/09